**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-2455**

———————————

SUNIL MOHANDAS TALREJA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals. (A44-614-448)

———————————

Submitted: July 29, 2005          Decided: August 19, 2005

———————————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Nana Babington, Falls Church, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Song Park, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sunil Mohandas Talreja, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (Board) finding him subject to removal under 8 U.S.C. § 1227(a)(2)(A)(i) (2000), for having been convicted of a crime involving moral turpitude for which a sentence of one year or longer can be imposed, that is committed within five years of the date of his admission.

The Government has the burden of proving to the immigration judge by clear and convincing evidence that "in the case of an alien who has been admitted to the United States, the alien is deportable. No decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A) (2000); see 8 C.F.R. § 1240.8(a) (2005) ("A[n alien] charged with deportability shall be found to be removable if the Service proves by clear and convincing evidence that the respondent is deportable as charged"). The alien bears the burden of showing "by clear and convincing evidence, that the alien is lawfully present in the United States pursuant to a prior admission." § 1229a(c)(2)(B) (2000). Thus, this court considers whether substantial evidence supports the decision of the immigration judge, as affirmed by the Board, that the Department of Homeland Security established Talreja's removability by clear and convincing evidence, and that Talreja did not bear his burden of

establishing a prior admission.  <u>Nakamoto v. Ashcroft</u>, 363 F.3d 874, 881-82 (9th Cir. 2004).

Talreja claimed that he was admitted in 1985, and therefore, the 1998 crime was not within five years of his admission.  However, Talreja failed to prove an admission in 1985, and the Attorney General did establish entry in 1994, within five years of the crime involving moral turpitude.  Therefore, we hold that substantial evidence supports the Board's finding that Talreja is removable as charged.  Talreja's complaint that the immigration judge erred in failing to act on his request for voluntary departure is irrelevant as the Board found him ineligible for voluntary departure under 8 U.S.C. § 1229c(b)(1)(B) (2000).

Therefore, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>